## DISCRETION OF PROBATE COURT IN FIXING MODE OF STRINGING TELEPHONE WIRES.

Common Pleas Court of Cuyahoga County.

THE CLEVELAND TELEPHONE COMPANY v. THE VILLAGE OF CHAGRIN FALLS.

Decided, February 29, 1904.

*Telephone Wires—Mode of Stringing Fixed by the Probate Court— Discretion of the Court—To Order that the Wires be Carried Over head on Poles or Underground in Conduits—Action of the Court May Be Reviewed—But Can Not Be Modified—And Can Only Be Reversed Where a Manifest Abuse of Discretion Appears—Jurisdiction.*

1. Where a proceeding is instituted in the probate court, under Section 3461, for a determination of the mode in which telephone lines may be constructed along the streets, alleys and public ways of a municipality or village, the court has authority to order that the wires be carried either on poles above ground or in an underground conduit, as said court in its discretion may deem best under all the circumstances of the case.
2. Such discretion is not arbitrary, but is sound legal discretion; and the statute having granted to telephone companies the right to use each of the streets in a municipality, the court in a proper exercise of this discretion is without authority to directly exclude a company from the occupation of a particular street, or to indirectly accomplish the same result by prescribing conditions which will prevent the construction of a line on such street.
3. The Supreme Court having held that the power conferred upon the probate court in this behalf is judicial in its nature, it follows under our judicial system that the orders of the probate court in such a proceeding may be reviewed on error, subject to the accepted rule in respect to the exercise of judicial discretion, that the action taken shall not be disturbed, unless plainly and manifestly abused by depriving a party of his legal rights, or making an order which no fair consideration of the facts would warrant.
4. It is not an abuse of discretion for the probate court to order that the wires within a given district shall be carried under ground; but where a condition is added which practically prohibits the use of a certain street or streets by the telephone company, there is an abuse of the discretion vested in the court, which it is the right of the company to have corrected.

5. The jurisdiction of a reviewing court does not permit of a modification of the order of a probate court in such a proceeding, and is limited to a simple reversal; but where only a part of the order made is erroneous, and that part is a distinct and separable provision, it may be stricken out.

LAWRENCE, J.

Error to the probate court.

The plaintiff in error, The Cleveland Telephone Company, which is a corporation organized under the laws of Ohio for the purpose of constructing lines of telephones, and which had constructed and was operating a line or system of telephones within the county of Cuyahoga, being desirous of constructing a line of telephones along and upon the roads, streets, alleys and public ways within the limits of the village of Chagrin Falls in said county, repeatedly made application to the council of said village for the passage of an ordinance whereby an agreement should be made in respect to the mode of use of such roads, streets, alleys and public ways, but the company and the municipal authorities were unable to agree upon the terms of such mode of use. Thereupon said company, under the provisions of Section 3461, Revised Statutes, applied to the probate court of this county to direct in what mode such telephone line should be constructed along such roads, streets, alleys and public ways in said village. The village having filed an answer to the petition of said company, and a hearing having been had, the said court, on the 24th day of February, 1902, made a final order and decree directing in what mode such telephone line should be within the limits of said village. The said company then filed a petition in error in this court, with a bill of exceptions containing all the testimony offered in the probate court, and it seeks to obtain a reversal of the said judgment, order and decree rendered by the latter court.

In respect to all the roads, streets, alleys and public ways in said village, except Main street, the probate court directed that the mode of use by said company should be by poles, wires and other appurtenances, under various terms and restrictions prescribed by said court, and as upon the hearing of the petition in error here no question has been made as to the order of the probate court in that respect, it is unnecessary for me to consider that portion of the order.

The probate court found that on Main street and certain other streets in the village, The Cleveland Telephone Company had already an established line of poles and wires, which had been maintained for many years, being what is known as a toll-line, that is, a line for long distance telephone service extending through said village, and that the establishment of this toll-line was lawful and regular, so that the said telephone company had a privilege or franchise in the said streets for the maintenance of the same.

The order and decree of the probate court further provided as follows—

"The mode of use by means of poles is subject to the following restriction: If said telephone company desires to occupy Main street in said village, from Orange to Washington, with lines other than toll-lines which may be carried upon the poles whose location is hereinbefore approved and confirmed, it shall carry the same through such portion of said street in an underground trench or conduit, to be constructed by it in the usual method and in conformity to the grade of said street. If by reason of such construction and the carrying of said wires in such conduit, it becomes necessary to erect distributing poles or other appliances for the purposed separating and distributing the wires so placed underground for reaching subscribers located along said street or elsewhere, such distributing poles shall not be erected on said Main street within such limits, but shall be placed in any alley or ground convenient for the erection of such poles."

The plaintiff in error contends that the probate court had no authority to thus limit the use of such portion of Main street by said company, for all lines therein except its toll-lines, by prescribing that the wires should be carried in an underground trench or conduit, to be constructed by said company, and that if, by reason of such construction and the carrying of said wires in such conduit, it should become necessary to erect distributing poles or other appliances for the · purpose of separating and distributing the wires so placed underground for reaching subscribers located along said street or elsewhere, such distributing poles should not be erected on said Main street within such limits, but should be placed in any alley or ground convenient for the erection of such poles.

It is claimed that, by Section 3454, Revised Statutes, which applies to a telephone company as well as to a telegraph company,

and which provides that such company may construct its lines from point to point, along and upon any public road, by the erection of the necessary fixtures, including posts, piers and abutments necessary for the wires, the General Assembly has directly granted to such companies the right to erect the poles upon all highways, so that the provision in Section 3461 authorizing the municipal authorities and the company to agree, or in case of their inability to do so, authorizing the probate court to direct in what mode such lines shall be constructed along a street, alley or public way, has reference only to a mode of use by poles and wires, and the authority of the probate court is limited to prescribing such use by means of poles as not to incommode the public in the use of such street, alley or public way.

I am unable, however, to assent to this construction of these statutes. The primary grant by Section 3454 is to construct telegraph or telephone lines upon any public road, and the language following this, to-wit, "by the erection of the necessary fixtures, including posts," etc., specifies the mode of use of a public road for such purpose. Of course, if there were any other provisions on the subject, such mode of use would be annexed to the grant; but Section 3461 must be construed as a limitation thereon, and the provision to the effect that in the case of a street, alley or public way within the limits of a city or village, the mode of use shall be such as shall be agreed upon between the municipal authorities and the company, and the further provision, in case of their failure to agree, that the probate court shall direct in what mode such line shall be constructed along such street, alley or public way, mean something more than that there may be an agreement of the parties or direction by the probate court merely as to the height and location of poles and other similar matters. If that was the purpose of the General Assembly, it surely has adopted a good deal of circumlocution to express what could easily have been stated directly.

In my opinion, when a proceeding is instituted in the probate court under Section 3461, that court, in directing the mode in which a telephone line shall be constructed along a street, alley or public way in a municipal corporation, has authority to order the wires to be carried either upon poles above ground or in an

underground conduit, as said court, in its discretion, may deem best under all the circumstances of the case.

The discretion thus vested in the probate court, however, is not an arbitrary discretion, but is a sound legal discretion. The statute having granted to telephone companies the right to use each of the streets in a municipal corporation, the court has no authority to directly exclude a company from a particular street, nor has it authority to accomplish this result indirectly by prescribing conditions which effectually prevent the construction of a telephone line on such street. Our Supreme Court, in the case of *Zanesville* v. *Zanesville Telegraph & Telephone Company,* 64 O. S., 67, has held that the power conferred upon the probate court is of a judicial nature, on the theory that whenever the law confers a right and authorizes an application to a court of justice to enforce that right, the proceeding upon such application is the exercise of a judicial function. I think it follows, under our judicial system, that the orders of the probate court in such proceeding may be reviewed on error, subject to the accepted rule, in respect to the exercise of judicial discretion, that the action of the probate court should not be disturbed unless it plainly and manifestly appears that there has been an abuse of discretion whereby a party has been deprived of legal rights, or that no fair consideration of the facts would warrant the order made. *Dobbins* v. *State,* 14 O. S., 493 (503) ; *Fowble* v. *Walker,* 4 Ohio, 64 (67) ; *Avery* v. *Ruffin,* 4 Ohio, 420; *Haas* v. *State,* 13 C. C., 415; *Post* v. *State,* 14 C. C., 111; 9 Am. & Eng. Enc. of Law (2d Ed.), 473.

For the reasons heretofore stated, I am of the opinion that it was within the authority and discretion of the probate court to require that the lines of the telephone company, other than its existing toll-lines in Main street, between Orange and Washington streets, shall be carried in an underground trench or conduit. And, from a careful examination of the evidence, I am of the further opinion that this court would not be warranted in saying that there was any abuse of discretion by the probate court, if the order had stopped there.

The most serious question arises in connection with the next following part of the order, which provides that if by reason of such construction and the carrying of said wires in such conduit

it becomes necessary to erect distributing poles or other appliances for the purpose of separating and distributing the wires so placed underground for reaching subscribers located along said street or elsewhere, such distributing poles shall not be erected on said Main street within such limits, but shall be placed in any alley or ground convenient for the erection of such poles. The distance on Main street from Orange street to Washington street is about 1,000 feet, and this portion of Main street is the principal business section of the village, and is built up on both sides of the street with business structures. The only testimony on the subject is to the effect that, if an underground conduit be constructed on Main street, it would still be necessary to have three or four distributing poles on that street for the purpose of distributing wires taken out of the conduit, so as to supply telephone service to the buildings on either side of the street, unless the company, by agreement with the owners, should obtain the right to distribute from the tops of buildings, and that it is not practicable, under the conditions there existing, to take out of the conduit a separate wire for each building to be served, for the reason that the wires are carried in cables containing many wires, and in each instance it would be necessary to take out an entire cable. The order of the probate court does not even permit the use of the poles of the existing toll-line in Main street for the purpose of making distribution of wires. The order expressly requires any distributing poles that may be erected to be placed in any alley or ground convenient for the erection of such poles, whereas I think it plainly appears from the testimony that this is impracticable unless the company shall be able to acquire the right to erect such distributing poles on private property by voluntary agreement with the owners, and it will not be claimed that the probate court has power to make an order, the execution of which is dependent upon the voluntary agreement of persons not under the control of said court. Nor do I think that, under the limitations contained in Section 3457, Revised Statutes, and in view of the manner in which the property abutting on the street has been improved, the telephone company has authority to appropriate the right to use any private property abutting on said Main street for the purpose of distributing its wires. That section is as follows:

"Section 3457: No such company shall, without the consent of the owner thereof, in writing, enter a building or edifice, or use or appropriate any part thereof, or erect any telegraph pole, pier or abutment in any yard or enclosure within which any edifice is situate, nor, in cases not provided for in section *three thousand four hundred and sixty-one,* erect any telegraph pole, pier, abutment, wires, or other fixtures, so near to any edifice as to occasion injury thereto, or risk of injury, in case such pole, pier, or abutment be overthrown, nor injure or destroy any fruit or ornamental tree."

In my judgment, therefore, the order of the probate court substantially prohibits the company from using the said part of Main street for the purpose of supplying telephone service to the buildings fronting thereon, and, with the highest respect for that court, I have reluctantly reached the conclusion that the order, in that respect, is unreasonable and is clearly and plainly an abuse of the discretion vested in that court.

The next question is, can this court modify the order of the probate court, or is the jurisdiction here limited to a simple reversal, remanding the case for further proceedings. Inasmuch as the order of the probate court involves the exercise of discretion vested in that court alone, I am inclined to think that the court of common pleas has no power by way of modification to make any affirmative order in respect to the mode in which a telephone line shall be constructed in a street. However, in the present case, the part of the order which is held to be erroneous is a distinct and severable provision. If it be stricken out, there is still left the authority to construct an underground conduit for carrying telephone wires, which, by necessary implication, would involve the power to use all such means and appliances, including distributing poles, as would be reasonably necessary for the purpose of supplying telephone service from such conduit, so that no additional order would be required to prescribe the complete mode both of the construction and the use of such conduit.

The judgment here, then, will be that the order of the probate court be modified by striking therefrom the following words, to-wit:

"If by reason of such construction and the carrying of said wires in such conduit, it becomes necessary to erect distributing poles or other appliances for the purpose of separating and dis-

tributing the wires so placed underground for reaching subscribers located along said street or elsewhere, such distributing poles shall not be erected on said Main street within such limits, but shall be placed in any alley or ground convenient for the erection of such poles."

And as so modified, the judgment and order of the probate court will be affirmed.

*Kline, Carr, Tolles & Goff* and *A. V. Taylor,* for plaintiff,
*E. P. Wilmot, P. H. Kaiser* and *C. L. Gates,* for defendant.